By the Court.
The application is properly made here, for it is in reference to the taxation of costs awarded by the general term.
Mr. Sandford insisted that the plaintiff was entitled to costs of the general term, because he was compelled to go there in order to gain his judgment; and the verdict, although reduced, still was for a sufficient amount to carry costs.
Mr. Johnston, for the defendant, argued that, as the defendant had had the burden of making a case, and the costs were in the discretion of the court, under section 303 of the Code, and there had been a diversity of opinion at the general term, the presiding justice having dissented, and the defendant being an executor, costs should not be awarded against him.
By the Court.—J. F. Barnard, P. J. (orally).
In this case the plaintiff is entitled to the costs he asks for as a matter of right. It should be so, for the argu *86 ment at the general term was but a portion of the trial. The court did not finish the cause at the circuit, but, important questions of law arising, they were reserved to be considered by the court at general term, and the general term, after hearing the exceptions, first ordered judgment for the plaintiff, and with costs.
Where the cause is not disposed of at the circuit, and it is necessary to go before the general term in order to obtain judgment on the verdict, the prevailing party is entitled to the costs of that hearing.
It can make no difference that the defendant is sued as executor, for that ought not to exempt him from the operation of this rule.
Ordered accordingly.